Harrington,
 
 Justice:
 

 Wherever a man charges another with a punishable crime or infectious disorder, or says that of him which may tend to injure him in his office, trade or business, or any thing that may produce other special damage, it is actionable. The charge of a
 
 crime
 
 implies legal malice, and subjects the slanderer to damages, though nothing more appear than the speaking of the words; but if in addition to this, it be shown that such a charge was made from a special malicious motive, the jury are permitted on the principles of this action, to punish him by exemplary or vindictive dama ges. Beyond this, however, the law does not go. “Words of gene-| ral abuse, however opprobrious and however vexatious, do not for; the subject of an action of slander, unless they bring the party charg
 
 *401
 
 ed in danger of criminal punishment, exclude him from society, deprive him of his office, or of the profits of his trade or occupation, or actually do him other special damage.” (2
 
 Harr. Rep.
 
 423.)
 

 The plaintiff’s declaration in this case sets out words actionable in se. They imputo a crime which would render the person charged liable to prosecution and punishment criminally, and this not only Drejudices his character, but endangers his liberty; no one has a right to make such a-charge, unless he can prove it to be true, or give other lawful excuse for making it. In this case the defendant has not attempted to prove that Kinney burnt the house or had any hand n it; if therefore, he was not excused by the circumstances under which he made the charge, he is liable in this action. And if he was actuated by actual or express malice, this would aggravate the ase, and make him liable to exemplary damages in the discretion of ‘he jury, by way of punishment for such an outrage, and as an ex-tmple to deter others. In proof or disproof of express malice, the ury are to take into consideration the circumstances under which ;he charge was made and followed up, if it was followed up, togeth-r with any other acts or charges made by the party, tending to show hat he was or was not actuated by ill-feeling and a malignant pur-ose in making the original charge.
 

 The substance of the charge alledged in this case is, that Hosea puted to Kinney the offence of burning, or assisting to burn, the Pennsylvania hall. The defendant’s first plea is
 
 not guilty,
 
 which enies that he ever made the charge or uttered the words alledged the declaration. The other pleas in the cause assert, that before is uttering the charge or speaking the slanderous words imputed to ¡im, Kinney had publicly said the same thing of himself, and had in |ubstance stated that he had a hand in burning this hall, or “helped do it;” and that he the defendant, without malice, only repeated e same charge. On these pleas in excuse rather than in justifica-|on of the slander, the plaintiff has taken issue, and the jury will dge between them as to the truth of the matter, the defendant being und to make out by proof the facts under which he seeks to'ex-,se the slander. ,
 

 We forbear to make any comment on the facts. The jury are e best judges of what the proof is, as well as of the credit which ght to be given to witnesses. But the disbelief of what any wit-ss has testified to, does not necessarily impute to him falsehood and rjury. This would compel the jury in every case of contradictory
 
 *402
 
 testimony to believe that one or the other witness, -or perhaps 'one set of witnesses or the other, must be wilfully perjured-. Nothing is further from the truth than such a conclusion. A thousand innocent mistakes are committed in courts of justice, for one intentional and corrupt falsehood; and it is the commonest duty of a jury to distinguish between conflicting testimony, arising from the mistakes of witnesses. The duty of the jury in all such cases of conflicting testimony, is to weigh the probabilities; to look at the opportunities of the witnesses -for knowing what they testify to; at the probabilities of their testimony itself; as well as to their-number, respectability of standing, extent of -capacity and every thing else connected with them, or with the subject matter of their evidence. And where the jury cannot reconcile the testimony of all the witnesses, they are bound to give credit to that which, under all the circumstances, comes to themj most strongly recommended by the impress of truth and probability, This is the nearest that human tribunals can approach to absolute| certainty; and we are all bound to regard that as the truth which, with the means we have of information and judgment, comes the nearest to the truth. On these principles, you must make up you minds whether the -defendant Hosea, originally charged Kinney witl a participation in burning the Pennsylvania halh or whether Kinneyi first stated the same thing of himself, and Hosea only innocently re-| peated it. If Plosea, without having first heard the plaintiff say b helped burn this hall, charged him with this crime, the verdict ougfr to be against him; but if he did first hear Kinney say that he burn this hall, or had a hand in it, and only repeated the same thing inno cently, and without malice, the verdict ought to be for him. If ir| either case he made this charge maliciously against the plaintiff, an-with a view to injure him, the verdict may be for damages by wa; of public example.
 

 Ridgely
 
 and
 
 Houston,
 
 for plaintiff.
 

 J. A. Bayard
 
 and
 
 Cullen,
 
 for defendant.
 

 Verdict for the plaintiff; six cents damages.